IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  09-cv-01400-WYD-BNB

ANGELINA WHITTIKER,

    Plaintiff,

v.

CINNAWORKS, LLC,

    Defendant.

## ORDER

THIS MATTER came before the Court during a hearing on September 10, 2009 on Plaintiff Angelina Whittiker's Motion for Default Judgment [doc. #5], filed August 12, 2009.  Therein, Plaintiff asks the Court for a default judgment entitling her to damages, attorneys' fees, and costs.  For the reasons stated herein, the Motion is granted.

On June 16, 2009, Plaintiff filed a complaint alleging sex discrimination and wrongful termination, in violation of Title VII of the 1964 Civil Rights Act.  Plaintiff served the summons and complaint on Defendant on or about June 18, 2009.  Defendant Cinnaworks, LLC has not filed an answer, and its deadline to do so was on or about July 8, 2009.  After Plaintiff filed the present Motion on August 12, 2009, the Clerk of the Court entered default pursuant to Federal Rule of Civil Procedure 55(a) on August 13, 2009 [doc. #7].  I then set the present hearing and ordered Plaintiff to file additional briefing in connection with the amount of damages and attorneys' fees.  Plaintiff complied by submitting further briefing and attaching an affidavit in support of her

request. Plaintiff then testified at the September 10 hearing, and her counsel presented argument.

Plaintiff requests $81,886 total in damages, attorneys' fees, and costs. She has stated that Defendant paid her $450 weekly before terminating her in July 2008. She has further stated that she is currently receiving $190 per week in unemployment. Accordingly, she requests $15,080 in back pay, which is calculated by multiplying $260, the difference between her weekly pay and what she receives from unemployment, by fifty-eight, which is the approximate number of weeks that have passed since her termination. I find the request for $15,080 in back pay to be substantiated.

I also find there to be a basis for front pay and emotional damages, but I find Plaintiff's requests to be overly speculative, so I will not grant her the full requested amounts. Plaintiff's request for $23,400 in front pay is based on an assumption that she will not secure employment until one year from now. Plaintiff thus calculated her request for front pay by multiplying $450, her weekly pay, by fifty-two weeks. Plaintiff testified about her work history and her extensive, unsuccessful efforts to secure employment, and she also testified that prior to her termination by Defendant, she had never been unemployed for such an long period of time. I find this testimony to justify some front pay, but I will not award her one year's worth, because of the possibility that she will secure employment sooner. Accordingly, I will award her $12,000 in front pay.

Plaintiff also asks for emotional damages in the amount of $39,200. This figure does not have any concrete basis, but Plaintiff testified as to the emotional trauma she sustained when, as the result of her termination, she had to move in with her twenty-three-year-old daughter and had her car repossessed. She also testified to her current

reliance on support services such as food stamps and Medicaid to support herself and the two young children that she is raising.  She stated that she has always been able to support herself and that this is the first time she is reliant on others.  I find that the events in question have in fact caused emotional trauma for Plaintiff, but I again find the request for $39,200 to be overly speculative and too high.  When asked about her basis for that amount, Plaintiff merely referred to fairness.  Thus, I will award her a lesser amount of $30,000 in emotional damages.

Finally, Plaintiff requests $3,000 in attorneys' fees and $486 in costs.  I find these amounts to be both reasonable and substantiated by her counsel's representations that these amounts would compensate him for his representation through the present litigation as well as the prior administrative process with the Equal Employment Opportunity Commission.  I also note that in the present Motion, Plaintiff has demonstrated that I have jurisdiction over this matter, venue is proper, and the parties meet the capacity requirements of Federal Rule of Civil Procedure 17.

In conclusion, it is hereby

ORDERED that Plaintiff Angelina Whittiker's Motion for Default Judgment [doc. #5], filed August 12, 2009, is **GRANTED**.  In accordance therewith, it is

ORDERED that judgment awarding Plaintiff $57,080.00 in damages, $3,000.00 in attorneys' fees, and $486.00 in costs be entered in her favor.

Dated:  September 14, 2009

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge