IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-01400-WYD-BNB

ANGELINA WHITTIKER,

Plaintiff,

v.

CINNAWORKS, LLC,

Defendant.
_____

**ORDER**
_____

This matter arises on the following:

(1)   Plaintiff's **Verified Motion for Contempt** [Doc. # 27, filed 4/5/2011] (the "Motion for Contempt");

(2)   Plaintiff's **Motion for Order for Writ of Garnishment In Aid of Writ of Attachment** [Doc. # 36, filed 9/14/2011] (the "Motion for Writ of Garnishment"); and

(3)   **Motion to Intervene** [Doc. # 44, filed 10/24/2011] (the "Motion to Intervene") by Pacific City Bank.

The plaintiff brought suit against Cinniworks, LLC, alleging sex discrimination and wrongful termination in violation of Title VII of the 1964 Civil Rights Act. The district judge granted the plaintiff's motion for default judgment on September 14, 2009, Order [Doc. # 12], and a Default Judgment entered against the defendant in the amount of $60, 566.00, plus post-judgment interest. Default Judgment [Doc. # 13, filed 9/15/2001].

In her Verified Motion for Contempt [Doc. # 27], the plaintiff alleges that she served Judgment Creditor's Interrogatories to Judgment Debtor on January 14, 2011, but that no answers to the interrogatories were received. Motion for Contempt [Doc. # 27] at ¶¶6-7. The Motion for Contempt recites that a copy of the Return of Service for the interrogatories is attached as an exhibit, but no such Return of Service appears in the court's file. Nor has the plaintiff provided any statement of authority for the relief requested. Consequently, I deny the Motion for Contempt, although it may be renewed in a motion supported by legal and factual authority.

Similarly, there is no statement of authority contained in the Motion for Writ of Garnishment [Doc. # 36] justifying the relief sought. The Motion for Writ of Garnishment also is denied, but it may be renewed in a motion supported by legal authority.[1]

The Motion to Intervene [Doc. # 44] is brought by Pacific City Bank ("PCB"). PCB is a secured creditor of defendant Cinnaworks. PCB alleges that the plaintiff has obtained a Writ of Execution and that the Marshal has levied on the property of Cinnaworks pursuant to that Writ by conducting "till taps." Motion to Intervene [Doc. # 44] at ¶¶3-4. As of the date of the Motion to Intervene, the plaintiff had collected "more than $5,300.00" and "intends to continue to conduct till taps until the judgment is paid." Id. at ¶4. PCB argues that the till taps impairs its interest in the collateral, and requests leave to intervene in this action. Id. at ¶¶7 and 10.

---

[1]The record reflects that the plaintiff recently filed an executed Writ of Garnishment In Aid of Writ of Attachment [Doc. # 50, filed 11/10/2011]. Consequently, the Motion for Writ of Garnishment may also be moot.

Rule 24(a)(2), Fed. R. Civ. P., governs intervention of right and provides:

> On timely motion, the court must permit anyone to intervene who:
>     \*  \*  \*
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

This circuit applies "a somewhat literal line in allowing intervention. . . ." WildEarth Guardians v. National Park Service, 604 F.3d 1192, 1198 (10th Cir. 2010)(internal quotation and citation omitted). "The factors in Rule 24(a)(2) are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation, and those factors are not rigid, technical requirements." Id. (internal quotations and citations omitted).

The plaintiff opposes the Motion to Intervene on two grounds. First, she argues that PCS's motion is not "timely"; and, second, that "there is no currently pending motion or proceeding before the court." Response [Doc. # 48] at ¶1. The plaintiff initiated "till taps" beginning on approximately October 17, 2011. The Motion to Intervene, brought one week later on October 24, 2011, is obviously timely. In addition, the plaintiff's collection efforts against Cinnaworks, which is alleged to have a direct impact on PCB's collateral, constitutes pending proceedings. City of Colorado Springs v. Climax Molybdenum Co., 587 F.3d 1071, 1081 (10th Cir. 2009)(requiring that there must be "an ongoing litigation claim or controversy" between parties to establish standing upon which an intervenor can piggyback).

I find also that PCB's status as a secured creditor of Cinnaworks establishes an interest relating to the property that is the subject of the collection efforts; PCB is so situated as a

secured creditor that rulings concerning Cinnaworks' property may as a practical matter impair or impede PCB's ability to protect its interest; and no existing party adequately represents PCB's interest. Consequently, intervention is appropriate.

IT IS ORDERED:

(1)   The Motion for Contempt [Doc. # 27] is DENIED without prejudice;

(2)   The Motion for Writ of Garnishment [Doc. # 36] is DENIED without prejudice; and

(3)   The Motion to Intervene [Doc. # 44] is GRANTED.

Dated November 14, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge